## Calvert *versus* Good.

1. C. was surety for H. on a joint and several note in favor of G. In a suit thereon by G. against C. the latter defended on the ground that the time of payment had been extended by a binding agreement between G. and H., without the consent of C., and that the latter was thereby discharged. It appeared that there was an arrangement between G. and H. by which H. agreed to pay to G. interest at the rate of ten per cent. per annum, when G. should call on him from time to time, the whole interest to be paid before the maturity of the note or the time to which it was extended. Whether this agreement was made before or after the maturity of the note was contested: *Held*, that the court properly instructed the jury that if they believed from the evidence that at or about the time the note fell due, G. agreed with H. that the time of payment would be extended for one year, in consideration of the payment of the interest in advance, as the same should be called for by G., and that this extension was made without the consent of C., such agreement would discharge C. as surety.

2. *Quære.* Where there was evidence of actual payment of interest in advance what would be the effect of such payment without an agreement, whether it would be a partial payment on account, whether usurious or otherwise, or would necessarily imply an agreement to extend the time.

3. A mere agreement to give time in consideration of the payment of usury after the maturity of the note would not be a valid consideration, such as would discharge the surety. Hartman *v.* Danner, 24 P. F. Smith 36, followed.

4. The court instructed the jury that if they "believe by the arrangement spoken of by H., G. reserved the right to proceed to collect the note from H. and C., if notified to do so by C., it would not be such an agreement as would in law discharge the surety, even if the payment in advance was a valid consideration." Of this fact there was no evidence: *Held*, that the case should be reversed for this reason; that it is error to leave to the jury a fact of which there is no evidence.

June 3d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY, STERRETT and GREEN, JJ. PAXSON, J, absent.

Error to the Court of Common Pleas of *Lycoming county:* Of May Term 1880, No. 24.

Assumpsit by John Good, executor of George Good, deceased, against Thomas L. Harinton and Joseph Calvert, on a joint and several promissory note in favor of George Good.

Before the jury were sworn judgment was entered by consent against Harinton, and the jury were sworn to try the issue against Calvert alone.

At the trial, before Cummin, P. J., the defendant alleged that while his name appeared on the note as maker, it was not as such that he signed it, and that Good understood, when he took the note, that defendant did not sign as maker, but as surety, and that Harinton alone received the money. He further alleged that, while Good knew of this relation of surety, he had entered into another agreement for the extension of the note without defendant's knowledge, and that this extension was given for a valuable consideration.

14 NORRIS—5

The note was dated December 4th 1872, and was payable one year thereafter. Before it matured in 1873, as alleged by defendant, the time of payment was extended for one year by Harinton agreeing to pay the interest on said note at the rate of ten per cent. per annum, whenever Good should call on him for payment from time to time, the whole of said interest to be paid before the maturity of the new note. This agreement was made without the knowledge or consent of Calvert. Upon like terms and conditions the note was extended until December 4th 1875; the last payment of interest being made in July 1875. On the 8th of December 1875, the note remaining unpaid, suit was brought thereon by the plaintiff, when defendant claimed to be discharged of liability by reason of the above agreements for extension of time of payment.

The third point of the plaintiff, with the answer of the court thereto, was as follows:

That if the jury believe, by the arrangement spoken of by Harinton, Good reserved the right to proceed to collect the note from Harinton and Calvert, if notified so to do by Calvert, it would not be such an agreement as would, in law, discharge the surety, even if the payment in advance was a valid consideration.

Ans. "We say that that is the law, if you find any such facts in the case. If you know of any such evidence, whereby Good reserved the right to sue when he made this agreement, why this would be the law."

The only point submitted by the defendant, which the court affirmed, will be found in the opinion of this court.

Verdict for plaintiff for $1194.16. A motion for a new trial was overruled, and after judgment on the verdict, defendant took this writ, and alleged that the court erred, inter alia, in their answer to the plaintiff's third point.

*H. T. Ames* and *Samuel Linn*, for plaintiff in error.—We do not agree with the court below in the instruction given to the jury that the agreement respecting the extension of time must be made before the maturity of the note, if the interest be usurious, and unless so made the plaintiff had a right to recover. We contend that the contract was made upon a good and sufficient consideration, which was the extension of the time of payment for one or more further years, upon the condition that the interest was to be paid in advance and prior to the end of the year. We maintain that such a contract is binding upon the payee of the note, and that the consideration was good and valid, because it gave to the holder of the note interest upon interest, if payments were made according to the terms of the agreement.

The whole case shows that a large part of the interest, both the legal rate and that which exceeded it, was paid, under this agreement, a considerable time prior to the 4th of December 1875, thus

giving to the plaintiff in this note the full payment of six per cent. for a considerable time prior to the time when it could have been recovered except by the agreement of extension. Good demanded the payment of the entire interest on the note prior to the time it was due, and in accordance with the contract of extension. He could not have demanded or recovered it at that date by law save under his agreement.

The cases cited by Chief Justice SHARSWOOD, in Hartman v. Danner, 24 P. F. Smith 36, are at variance with the law as cited in Brandt on Suretyship, sect. 309, where it is held, "that if the agreement for extension is not made, until after the debt is due, it will have the same effect to discharge the surety as if made before."

*G. W. Youngman* and *S. L. Youngman*, for defendant in error.—This case is ruled by Hartman v. Danner, 24 P. F. Smith 36. Calvert is a principal, the note is joint. The agreement for an extension of time and prepayment of interest must be taken as a whole. Calvert's duty, as principal, was to pay at maturity, and as surety to give notice to principal to collect the debt. The loss is the result of his own supineness.

A usurious contract not being enforceable at law, no act of the parties can remove the taint or make the consideration valid; and a contract not based on a valid consideration will not release a surety: Edwards on Notes and Bills, sect. 572; Rhoads v. Frederick, 7 Watts 448; Hartman v. Danner, supra; Brandt on Sureship, supra.

Chief Justice SHARSWOOD delivered the opinion of the court, June 14th 1880.

This judgment must be reversed on the third assignment. The plaintiff in error was surety for one Harinton on a joint and several note in favor of George Good, and his defence was that the time of payment had been extended by a binding agreement between Good and Harinton without his consent, and he had thereby been discharged. It appears that there was some arrangement between the parties, by which Harinton agreed to pay interest at the rate of ten per centum per annum, whenever Good should call on him, from time to time, the whole interest to be paid before the maturity of the note or the time to which it was extended. When this agreement was made, whether before or after the maturity of the note, was a question of fact contested. The jury were distinctly instructed by the learned judge in affirmance of a point presented by the plaintiff in error " that if they believe from the evidence that at or about the time when the note in suit fell due, George Good, the plaintiff's testator, entered into an agreement with Harinton to the effect that the time of payment would be extended for one

[Calvert *v.* Good.]

year, in consideration of the paymont of the interest in advance as the same should be called for by Mr. Good, and that this extension of time was made without the consent of Calvert thereto, such an agreement will discharge Calvert, the surety, and no recovery can be had by the plaintiff." This was the only point presented by the plaintiff in error, and it was affirmed in the most unqualified manner. There was, indeed, evidence in the case of the actual payment of interest in advance, but no point was put to the learned judge as to what would be the effect of such payment without an agreement, whether it would be a partial payment on account, whether usurious or otherwise, or would necessarily imply an agreement to extend the time. The learned judge therefore cannot be convicted of error in not charging on that. As to the other questions, the case of Hartman *v.* Danner, 24 P. F. Smith 36, was followed, and the jury instructed that a mere agreement to give time in consideration of the payment of usury after the maturity of the note would not be a valid consideration—such payment would be no more than what the principal was already bound to pay, namely, the whole principal and interest—and that for the excess paid as usury he would be entitled to a credit as a partial payment on account of principal.

The plaintiff below, however, asked the court to charge " that if the jury believe by the arrangement spoken of by Mr. Harinton, Mr. Good reserved the right to proceed to collect the note from Harinton and Calvert, if notified so to do by Mr. Calvert, it would not be such an agreement as would in law discharge the surety, even if the payment in advance were a valid consideration." There can be no doubt that the law as presented in this point is correctly stated: Hagey *v.* Hill, 25 P. F. Smith 108. It was there held by this court that an extension of time by the creditor of the principal debtor will not discharge the surety if there be an agreement between the creditor and the principal that the surety shall not be thereby discharged. The learned judge below affirmed the point, but evidently doubted whether there was such a fact in the case. He left it to the jury to say whether there was any evidence of it. No evidence is to be found on this record. None has been pointed out by the counsel of the defendant in error. To leave a fact to the jury without any evidence is manifest error.

Judgment reversed, and *venire facias de novo* awarded.